UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SANTA MAYELIN HERNANDEZ,

Plaintiff,

vs.                                                                                   Case No.:

COMMERCIAL RECOVERY SYSTEMS, INC.,

Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

5. Plaintiff, Santa Mayelin Hernandez, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Commercial Recovery Systems, Inc., is a collection agency operating from an address of 8035 East R L Thornton Fwy, Suite 220, Dallas, Texas 75228-7145, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant, Commercial Recovery Systems, Inc. regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, Commercial Recovery Systems, Inc. regularly collects or attempts to collect debts for other parties.

9. Defendant, Commercial Recovery Systems, Inc. is a "debt collector" as defined in the FDCPA.

10. Defendant, Commercial Recovery Systems, Inc. was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

2

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALLS

16. On or about September 2012, October 2012, and November 2012, Defendant, Commercial Recovery Systems, Inc.'s collectors contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempted to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. During these September 2012, October 2012, and November 2012 calls, Defendant left voicemail messages on Plaintiff's answering machine, and failed to identify themselves as a debt collector.

## SUMMARY

18. All the above-described collection communications made to Plaintiff by Defendant, Commercial Recovery Systems, Inc., and collection employees employed by Defendant, Commercial Recovery Systems, Inc., were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

19. During its collection communications, Defendant and the individual debt collectors employed by Defendant, Commercial Recovery Systems, Inc., failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

20. On multiple occasions, Defendant left voicemail messages for Plaintiff threatening to proceed with legal action, and/or otherwise suggesting Complaint is in the process of being or has been filed, in violation of multiple provisions of FDCPA, including but not

limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13).

21. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs 1 through 22 of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

26. Plaintiff incorporates by reference all of the above paragraphs 1 through 22 of this Complaint as though fully stated herein.

4

27. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

28. Plaintiff incorporates by reference all of the above paragraphs 1 through 22 of this Complaint as though fully stated herein.

29. Defendant made telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 4

### FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS
### 15 U.S.C. § 1692(e)

30. Plaintiff incorporates by reference all of the above paragraphs 1 through 22 of this Complaint as though fully stated herein.

31. Defendant left voicemail messages for Plaintiff threatening to proceed with legal action, and/or otherwise suggesting Complaint is in the process of being or has been filed, in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13).

32. Defendant violated § 1692e of the FDCPA by the foregoing acts.

33. Defendant used false, deceptive, and misleading representation or means in connection with debt collection, and in so doing, failed to comply with FDCPA, specifically 15 USC 1692e.

## COUNT 5

## HARRASMENT OR ABUSE
## 15 U.S.C. § 1692d

34. Plaintiff incorporates by reference all of the above paragraphs 1 through 22 of this Complaint as though fully stated herein.

35. Defendant engaged in conduct with the natural consequence of which was to harass, oppress, or abuse Defendant, when Defendant threatened to file complaint, and/or otherwise misrepresented that a complaint had been filed.

36. Defendant placed telephone calls without disclosing its identity as debt collector.

37. By the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(d), namely § 1692d(6).

## COUNT 6

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

38. Plaintiff incorporates by reference all of the above paragraphs 1 through 22 of this Complaint as though fully stated herein.

39. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

40. Defendant acted in an otherwise deceptive, unfair and unconscioable manner and failed to comply with the FDCPA.

## COUNT 7

## VIOLATION OF FCCPA § 559.715

41. Plaintiff incorporates by reference all of the above paragraphs 1 through 22 of this Complaint as though fully stated herein.

42. This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The Defendant did not provide Plaintiff with said notice. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages; and

B) Attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: February 21, 2013

Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36st Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile: (305) 526-1175
Attorney for Plaintiff